UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JERRY COLSTON, RAYDIN MATEO, JORGE ACOSTA,
and DARRELL TAYLOR, and on behalf of themselves
and all other persons similarly situated,

                              Plaintiff,                  **COMPLAINT**

    -against-

WREN LOGISTICS, INC.,

                                        *Collective and Class Action*

                        Defendant.
----------------------------------------------------------------------X   *Jury Trial Demanded*

      Plaintiffs, JERRY COLSTON, RAYDIN MATEO, JORGE ACOSTA, and DARRELL

TAYLOR ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, by and

through their attorneys, the Romero Law Group PLLC, complaining of the Defendant, WREN

LOGISITICS, INC. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

      1.      Defendant failed to pay Plaintiffs and other similarly situated former and current

employees premium overtime wages for all hours worked in excess of forty hours per week in

violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), and the New York

Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of

Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"). Plaintiffs brings this action against

Defendant under the FLSA and NYLL to recover unpaid wages, liquidated damages, statutory

damages, pre-judgment interest, and attorneys' fees and costs on behalf of themselves and all

other persons similarly situated.

## JURISDICTION AND VENUE

      2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337

and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.      In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the Plaintiffs and the Defendant and the amount in controversy exceeds $75,000.00.

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

6.      Defendant is a Delaware corporation with headquarters in Pennsylvania.

7.      Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d) and NYLL § 190(3).

8.      Defendant was and still is subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  Defendant's employees used tools, equipment and other materials which originated in other states.

9.      Plaintiff, Jerry Colston, is a citizen of New York and an employee within the meaning of the FLSA and NYLL.

10.     Plaintiff, Raydin Mateo, is a citizen of New York and an employee within the meaning of the FLSA and NYLL.

11.     Plaintiff, Jorge Acosta, is a citizen of New York and an employee within the meaning of the FLSA and NYLL.

12.     Plaintiff, Darrell Taylor, is a citizen of New York and an employee within the meaning of the FLSA and NYLL.

2

## COLLECTIVE ACTION ALLEGATIONS

13.    At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them overtime pay for all hours worked in excess of forty (40) hours each week.

14.    Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA.  The named Plaintiffs are representative of those others and are acting on behalf of the Defendant's current and former employees' interests as well as their own interest in in bringing this action.

15.    Plaintiffs seek to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following similarly situated employees:

> All persons who are currently or have been employed by the Defendant in hourly-paid positions such as delivery drivers, helpers and warehouse workers at any time during the three (3) years prior to the filing of their respective consent forms.

16.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).

17.    Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be

unable to secure compensation to which they are entitled and which have been unlawfully withheld from them by the Defendant.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

18.    Plaintiffs bring New York Labor Law claims on behalf of themselves and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant as hourly-paid drivers, helpers and warehouse workers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

19.    The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

20.    The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of putative class members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendant as hourly-paid delivery drivers, helpers and warehouse workers at any time during the six (6) years prior to the filing of this Complaint.

21.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether

4

Defendant failed and/or refused to pay the Plaintiffs and Class Members premium overtime pay at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, whether Defendant's general practice of failing and/or refusing to pay overtime for all hours worked after 40 per week was done willfully or in reckless disregard for the law, whether Defendant failed to furnish Plaintiff and Class Members with a wage notice upon hire that was compliant with the NYLL, whether Defendant failed to provide Plaintiff and Class Members with accurate wage statements that were compliant with the NYLL, and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

22.    Plaintiffs' claims are typical of the claims of the Class that they seek to represent. Defendant failed to pay Plaintiffs overtime for all hours worked after 40 hours per week. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.   All the Class Members were subject to the same corporate practices of Defendant.   Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

23.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

24.    A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present

action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

25.      Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

26.      The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

27.      Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## **FACTUAL ALLEGATIONS**

28.      Defendant is a manufacturer and retailer of fitted kitchens.

29.      Plaintiffs were employed by Defendant as drivers and helpers to deliver fully assembled kitchen cabinets to the homes of its customers.

30.     Plaintiffs regularly worked more than 40 hours in a single workweek, but Defendant failed to pay them and other similarly situated persons at a rate of time and one-half for all hours worked after 40 hours in a workweek.

***Plaintiff Jerry Colston***

31.     Plaintiff Jerry Colston ("Plaintiff Colston") was employed by Defendant from in or about June 2014 until in or about November 2024.

32.     Plaintiff Colston regularly worked more than 40 hours per workweek.  Plaintiff began each workday at Defendant's warehouse in Farmingdale, New York, delivered kitchens to Defendant's customers and returned to the warehouse at the end of each workday.  Plaintiff regularly began work at 5:00am Monday through Friday.  The time that Plaintiff finished work varied from workday-to-workday depending on traffic conditions and delivery stops.  Plaintiff regularly finished work between 3pm and 7pm, depending on the workday.

33.     Defendant failed to pay Plaintiff Colston overtime at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a single workweek in violation of the FLSA and NYLL.

34.     For example, for the period beginning September 8, 2024 and ending September 14, 2024, Defendant paid Plaintiff for 48 hours at his regular hourly rate of $28 and for 2.25 hours worked at $42 per hour.

35.     Defendant failed to provide written notice to Plaintiff Colston setting forth the regular rate of pay, basis of rate of pay, overtime rate of pay, and other information required by NYLL § 195(1).

36.     Defendant failed to provide Plaintiff Colston with an accurate wage statement each pay period as required by Labor Law § 195(3).

37.     Defendants' failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate of pay each pay period, prevented Plaintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

38.     As a result, Plaintiff Colston was deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier.  Plaintiff was unable to determine how much he had been underpaid throughout his employment.  Plaintiff would have asserted his claim sooner if accurate statements had been provided.

39.     Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

40.     In August 2024, Plaintiff Colston complained to Defendant about not being paid overtime at the rate of one and one-half times his regular rate of pay for the hours that he worked after 40 hours per workweek.

41.     Plaintiff complained to Defendant again about not being paid overtime at the rate of one and one-half times his regular rate of pay for the hours that he worked after 40 hours per workweek in September and October 2024.

42.     On November 6, 2024, Defendant terminated Plaintiff Colston's employment because he complained about Defendant's failure to pay him time and one-half for all hours he worked after 40 hours per workweek in violation of the FLSA and NYLL.

***Plaintiff Raydin Mateo***

43.     Plaintiff Raydin Mateo ("Plaintiff Mateo") was employed by Defendant from in or about November 2023 until in or about May 2024.

44.     Plaintiff Mateo regularly worked more than 40 hours per workweek.  Plaintiff began each workday at Defendant's warehouse in Farmingdale, New York, delivered kitchens to Defendant's customers and returned to the warehouse at the end of each workday.  Plaintiff regularly began work at 6:00am Monday through Friday.  The time that Plaintiff finished work varied from workday-to-workday depending on traffic conditions and delivery stops.  Plaintiff regularly finished work between 3pm and 6pm, depending on the workday.

45.     Defendant failed to pay Plaintiff Mateo overtime at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a single workweek in violation of the FLSA and NYLL.

46.     For example, for the period beginning May 12, 2024 and ending May 18, 2024, Defendant paid Plaintiff for 48 hours at his regular hourly rate of $28 and for 11.75 hours worked at $42 per hour; for the period beginning May 19, 2024 and ending May 25, 2024, Defendant paid Plaintiff for 48 hours worked at his regular hourly rate of $28 and for 9.25 hours worked at $42 per hour.

47.     Defendant failed to provide written notice to Plaintiff Mateo setting forth the regular rate of pay, basis of rate of pay, overtime rate of pay, and other information required by NYLL § 195(1).

48.     Defendant failed to provide Plaintiff Mateo with an accurate wage statement each pay period as required by Labor Law § 195(3).

49.    Defendant's failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate of pay each pay period, prevented Plaintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

50.    As a result, Plaintiff Mateo was deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier.  Plaintiff was unable to determine how much he had been underpaid throughout his employment.  Plaintiff would have asserted his claim sooner if accurate statements had been provided.

51.    Defendant's failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

### Plaintiff Jorge Acosta

52.    Plaintiff Jorge Acosta ("Acosta") was employed by Defendant from in or about May 2023 until in or about November 2024.

53.    Plaintiff Acosta regularly worked more than 40 hours per workweek.  Plaintiff began each workday at Defendant's warehouse in Farmingdale, New York, delivered kitchens to Defendant's customers and returned to the warehouse at the end of each workday.  Plaintiff began work at 4am on Monday, Thursday and Friday and at 5am on Tuesday and Wednesday. The time that Plaintiff finished work varied from workday-to-workday depending on traffic conditions and delivery stops.  Plaintiff often did not finish work until 8pm.

54.     Defendant failed to pay Plaintiff Acosta overtime at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a single workweek in violation of the FLSA and NYLL.

55.     By way of example only, for the period beginning October 13, 2024 and ending October 19, 2024, Defendant paid Plaintiff for 48 hours at his regular hourly rate of $28; for the period beginning October 20, 2024 and ending October 26, 2024, Defendant paid Plaintiff for 48 hours at his regular hourly rate of $28; and for the period beginning October 27, 2024 and ending November 2, 2024, Defendant paid Plaintiff for 48 hours at his regular hourly rate of $28. In most workweeks, Plaintiff worked more than 48 hours per workweek and was only at a rate of one and one-half times his regular rate for hours worked after 48 hours in a workweek.

56.     Defendant failed to provide written notice to Plaintiff Acosta in his primary language setting forth the regular rate of pay, basis of rate of pay, overtime rate of pay, and other information required by NYLL § 195(1).

57.     Defendant failed to provide Plaintiff Acosta with an accurate wage statement each pay period as required by Labor Law § 195(3).

58.     Defendant's failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate of pay each pay period, prevented Plaintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

59.     As a result, Plaintiff Acosta was deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier.  Plaintiff was unable to determine how much he had been underpaid throughout his employment.  Plaintiff would have asserted his claim sooner if accurate statements had been provided.

60.     Defendant's failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

61.     On November 11, 2024, Plaintiff Acosta's manager asked him to sign a document regarding unpaid wages that he was owed.

62.     On November 12, 2024, Defendant terminated Plaintiff Acosta's employment because he complained about Defendant's failure to pay him time and one-half for all hours worked after 40 hours per workweek.

### Plaintiff Darrell Taylor

63.     Plaintiff Darrell Taylor ("Plaintiff Taylor") was employed by Defendant from in or about December 2023 until in or about October 2024.

64.     Plaintiff Taylor regularly worked more than 40 hours per workweek.  Plaintiff began each workday at Defendant's warehouse in Farmingdale, New York, delivered kitchens to Defendant's customers and returned to the warehouse at the end of each workday.  Plaintiff regularly began work at 5:30am Monday through Friday.  The time that Plaintiff finished work varied from workday-to-workday depending on traffic conditions and delivery stops.  Plaintiff regularly finished work between 7pm and 10pm, depending on the workday.

65.     Defendant failed to pay Plaintiff Taylor overtime at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a single workweek in violation of the FLSA and NYLL.

66.     For example, for the period beginning May 12, 2024 and ending May 18, 2024, Defendant paid Plaintiff for 48 hours at his regular hourly rate of $28 and for 13.25 hours worked

at $42 per hour; for the period beginning September 8, 2024 and ending September 14, 2024, Defendant paid Plaintiff for 48 hours worked at his regular hourly rate of $28 and for 12.25 hours worked at $42 per hour.

67.     Defendant failed to provide written notice to Plaintiff Taylor setting forth the regular rate of pay, basis of rate of pay, overtime rate of pay, and other information required by NYLL § 195(1).

68.     Defendant failed to provide Plaintiff Taylor with an accurate wage statement each pay period as required by Labor Law § 195(3).

69.     Defendant's failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate of pay each pay period, prevented Plaintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

70.     As a result, Plaintiff Taylor was deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier.  Plaintiff was unable to determine how much he had been underpaid throughout his employment.  Plaintiff would have asserted his claim sooner if accurate statements had been provided.

71.     Defendant's failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

**FIRST CLAIM FOR RELIEF**
**FLSA OVERTIME WAGES**

72.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

73.     Defendant employed Plaintiffs and persons similarly situated to Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

74.     Defendant's violations of the FLSA, as described in this Complaint have been willful and intentional.

76.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

77.     As a result of Defendant's unlawful acts, Plaintiffs and persons similarly situated to Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NYLL OVERTIME WAGES**

78.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

79.     Defendant employed Plaintiffs and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiffs and Class Members for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of NYLL.

80.     By Defendant's failure to pay Plaintiffs and Class Members overtime wages for all hours worked in excess of 40 hours per week, Defendant willfully violated the NYLL Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

81.    Due to Defendant's violations of the NYLL, Plaintiffs and Class Members are entitled to recover from Defendant unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NYLL WAGE NOTICE

82.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

83.    Defendant failed to provide Plaintiffs and Class Members with a written notice upon hire in their native language setting forth their rate of pay; the basis of the rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the New York Labor Law.

84.    Due to Defendant's failure to provide Plaintiffs and Class Members with the notice and statement required by Section 195 of the Labor Law, Plaintiffs and Class Members are entitled to statutory damages.

### FOURTH CLAIM FOR RELIEF
### NYLL WAGE STATEMENT

85.    Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

86.    Defendant failed to provide Plaintiffs and Class Members with accurate statements of their wages each pay period as required by Section 195 of the Labor Law.

87.    Due to Defendant's failure to provide Plaintiffs and Class Members with accurate wage statements, Plaintiffs and Class Members are entitled to statutory damages.

**FIFTH CLAIM FOR RELIEF**
**ON BEHALF OF PLAINTIFFS ACOSTA AND COLSTON**
<u>**RETALATION IN VIOLATION OF THE FLSA**</u>

88.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

89.     Defendant retaliated against Plaintiffs in violation of the FLSA by terminating their employment because Plaintiffs complained about Defendant's failure to pay them at a rate of at least one and one-half times their regular rate of pay for all hours worked after 40 hours in a workweek.

90.     Defendant is liable to Plaintiffs for compensatory damages, punitive damages, and attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF**
**ON BEHALF OF PLAINTIFFS ACOSTA AND COLSTON**
<u>**RETALATION IN VIOLATION OF THE NYLL**</u>

91.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

92.     Defendant retaliated against Plaintiffs in violation of the NYLL by terminating their employment because Plaintiffs complained about Defendant's failure to pay them at a rate of at least one and one-half times their regular rate of pay for all hours worked after 40 hours in a workweek.

93.     Defendant is liable to Plaintiffs for compensatory damages, punitive damages, and attorneys' fees and costs.

<u>**DEMAND FOR JURY TRIAL**</u>

94.     Plaintiffs demand a trial by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.)     An order restraining Defendants from any retaliation against Plaintiff and Class Members for participation in any form in this litigation;

(ii.)    Certification of a Collective Action pursuant to 29 U.S.C. § 216(b);

(iii.)   Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iv.)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the New York Labor Law and the supporting New York State Department of Labor Regulations;

(v.)     Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(vi.)    Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(vii.)   Unpaid wages, including unpaid overtime compensation and spread-of-hours pay, and liquidated damages, pursuant to the New York Labor Law and the supporting New York State Department of Labor Regulations;

(viii.)  Damages pursuant to New York Labor Law § 198(1-a);

(ix.)    Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(x.)     Pre-judgment and post-judgment interest as permitted by law; and

(xi.)    Such other relief as this Court deems just and proper.

17

Dated: Hauppauge, New York
   March 5, 2025

         ROMERO LAW GROUP PLLC

         */s/ Peter A. Romero*

    By: _____
         Peter A. Romero, Esq.
         490 Wheeler Road, Suite 277
         Hauppauge, New York 11788
         (631) 257-5588
         Promero@RomeroLawNY.com

         *Attorneys for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and

on my behalf against, Wren Logistics, Inc, to recover unpaid wages and/or damages for untimely

paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201

*et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations

and wage orders. I consent to being named as the representative plaintiff in this action to make

decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero

Law Group to represent me in this case.

Jerry colston (Nov 27, 2024 12:49 EST)

Jerry Colston

11/27/2024

Date

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Wren Logistics, Inc. and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.

Raydin (Dec 4, 2024 12:13 EST)

Raydin Mateo

12/04/24

Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Wren Logistics, Inc, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.

Jorge acosta (Nov 29, 2024 10:59 EST)

Jorge Acosta

11/29/2024

Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Wren Logistics, Inc, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.


Darrell Taylor (Nov 27, 2024 16:08 EST)

Darrell Taylor                                          Date

11/27/2024